Jonathan MILLER

v.

Walter J. KUPCHUNOS, Jr. et al.

No. 3:98 CV 2318 JGM.

United States District Court,
D. Connecticut.

Feb. 7, 2000.

Robert H. Weinstein, Weinstein & Associates, West Hartford, CT, for Jonathan Miller, plaintiff.

Lynn D. Wittenbrink, Attorney General's Office, Hartford, CT, for Walter J. Kupchunos, Jr., defendant.

*RULING ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND DEFENDANT KUPCHUNOS' MOTION FOR SUMMARY JUDGMENT*

MARGOLIS, United States Magistrate Judge.

On July 8, 1999, plaintiff Jonathan Miller filed an amended four-count complaint against defendants High Sheriff Walter J. Kupchunos, Jr. and Special Deputy Sheriff Nelson Viera, Jr. (Dkt.# 20). Pursuant to 42 U.S.C. § 1983, plaintiff alleges that defendants violated his civil rights when the Sheriff's Department failed to return plaintiff's personal property, which had been placed in the Department's custody, after plaintiff's release from "lockup" at the Hartford Superior Court. (*Id.* at 3–4, 10–11). Plaintiff also alleges violations of Conn.Gen.Stat. §§ 6–30 and 6–30a. (*Id.* at 9–10, 11–12). Plaintiff seeks both compensatory and punitive damages. (*Id.* at 12).

In his answer filed, on August 2, 1999, defendant Kupchunos denied these allegations to a large extent and raised nine affirmative defenses: that plaintiff has failed to state a claim upon which relief may be granted; that defendant lacked sufficient personal involvement; that defendant is entitled to qualified immunity; that defendant is entitled to immunity under the doctrine of sovereign immunity and pursuant to Conn.Gen.Stat. §§ 4–141 through 4–164 and 1–165; that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims; that the action is barred by the Eleventh Amendment to the U.S. Constitution; that the action is barred by the prior pending action doctrine; and that plaintiff has failed to mitigate his damages. (Dkt. # 26 at 3–5).

On February 25, 1999, Kupchunos filed a motion to dismiss with brief in support. (Dkts. 11–12). On July 8, 1999, U.S. Senior Judge Peter C. Dorsey filed a Ruling On Motion to Dismiss, denying the motion. (Dkt.# 18).

On August 20, 1999, the parties consented to trial before this Magistrate Judge. (Dkt.# 30). Pending before the Court is Kupchunos' motion for summary judgment, brief in support[1] and Local Rule 9(c) Statement of Material Facts Not in Dispute ["Defendant's Statement"], filed on December 3, 1999. (Dkts. 37–39). Absent objection, Kupchunos' motion was granted on December 30, 1999. (*See* Dkt. # 37 & endorsement thereon.)

On January 18, 2000, plaintiff filed an objection, Local Rule 9(c) Statement of Material Facts Not in Dispute ["Plaintiff's Statement"], brief in support,[2] as well as a

---

**1.** Attached to defendant's brief were seventeen exhibits: copy of deposition of Jonathan Miller, taken on Aug. 16, 1999 (Exh. A); copy of correspondence dated Nov. 10, 1995 (Exh. B); copy of Information, dated Jun. 25, 1997 (Exh. C); copy of transcript of hearing in the Matter of: Nelson Viera, dated June 17, 1997 (Exh. D); copy of police report dated Feb. 20, 1997 (Exh. E); copy of press release issued by Office of the Sheriff, dated May 5, 1997 (Exh. F); copy of newspaper report (Exh. G); copy of Hartford County Sheriff Dept.'s Policy and Procedure Manual (Exh. H); copy of Hartford County Sheriff Dept.'s Property Policy Procedure (Exh. I); copy of property log, dated Dec. 1, 1996 (Exh. J); copy of Incident Report dated Dec. 12, 1996 (Exh. K); copy of supplemental report, dated Jan. 23, 1997 (Exh. L); Capt. Helberg's Affidavit, dated

Dec. 3, 1999 (Exh. M); Chief Carragher's Affidavit, dated Dec. 3, 1999 (Exh. N); defendant Kupchunos' Affidavit, dated Dec. 3, 1999 (Exh. O); copy of Capt. Stickels' memo, dated Nov. 21, 1996 (Exh. P); and copy of memo from Property Officer, dated Sept. 26, 1996 (Exh. Q).

**2.** Attached to plaintiff's brief were eight exhibits: copy of Conn. State Police Investigation Report (Exh. A); copy of Kupchunos' affidavit, dated Dec. 3, 1999 (Exh. B); copy of Hartford County Sheriff's Dept. Manual (Exh. C); copy of sample of Prisoner Property Control Sheet (Exh. D); copy of Plaintiff's Property Control Sheet (Exh. E); copy of Legislative History of Conn.Gen.Stat. §§ 6–30 and 6–30a (Exh. F); and copy of Sheriff's Dept. Supplemental Report, dated Jan. 23, 1997 (Exh. G).

motion for relief from judgment with brief in support.[3] (Dkts. 40–43). On January 24, 2000, Kupchunos filed a brief in opposition to plaintiff's motion for relief from judgment. (Dkt.# 44).

## I. FACTUAL SUMMARY

The following summary is based upon the parties' Local Rule 9(c) Statements of Material Facts Not in Dispute and, as such, do not represent factual findings of the Court. Plaintiff was arrested by the Hartford Police Department, where he surrendered personal property, including a gold ring purchased for $525. On December 1, 1996, the Hartford County Sheriff's Department ["HCSD"] took custody of plaintiff's personal property when it transported him to a holding cell or "lockup" at the Hartford Superior Court. When plaintiff was released from custody, his ring was not returned to him. Subsequently, plaintiff filed a claim with the HCSD in December 1996. In May 1997, the HCSD investigated plaintiff's claim and other reported thefts. Special Deputy Sheriff Nelson Viera was arrested and later pleaded guilty to the theft of plaintiff's ring. Plaintiff admits that his ring has been returned to him. (Dkt. # 38, Exh. A at 7).

## II. DISCUSSION

The standard for summary judgment is well established. The moving party is entitled to summary judgment if it demonstrates that there is no genuine issues of material fact and that it is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c). "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As an initial matter, Kupchunos argues that the Court should deny the motion for relief from judgment on procedural grounds because plaintiff never objected to Kupchunos' motion for summary judgment in a timely manner. (Dkt. # 44 at 1). Although this Magistrate Judge does not countenance the neglect of deadlines or the failure to comply with the Federal Rules of Civil Procedure, in the interests of judicial economy, the Court grants plaintiff's motion to the extent that the Court will reconsider Kupchunos' motion for summary judgment on the merits. However, for the reasons set forth below, the Court grants Kupchunos' motion for summary judgment.

### A. SUPERVISORY LIABILITY UNDER SECTION 1983

Kupchunos argues that the Court should enter summary judgment in his favor because plaintiff fails to present a viable § 1983 claim since defendant lacked personal involvement in the loss of plaintiff's ring. (Dkt. # 38 at 15–19). In response, plaintiff contends "Defendant was respon-

---

**3.** Attached to plaintiff's brief was as copy of Dkt. # 37 & endorsement thereon.

sible for the supervision of the Sheriff's Department and its members, and the establishment and enforcement of policies and procedures." (Dkt. # 41, Brief at 3).

■ "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) (numerous citations & internal quotation marks omitted). "The rule in this circuit is that when monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required." *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

■ This circuit has consistently applied the following four prong test in order to establish supervisory liability under § 1983:

> A defendant may be personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 in several ways. The defendant may have directly participated in the infraction. . . . A supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong. . . . A supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue. . . . Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event. . . .

*Williams v. Smith*, 781 F.2d 319, 323–324 (2d Cir.1986) (numerous citations omitted). Mere negligence will not suffice. *See Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 n. 5 (2d Cir.1991).

■ Applying the test outlined above, the Court finds that Kupchunos bears no supervisory liability. First, plaintiff has not alleged that Kupchunos had any direct participation in the theft of plaintiff's ring. (Dkt.# 20). *See also McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977) ("The fact that [defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability"), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). Next, Kupchunos had instituted a policy in 1996 to collect and safeguard arrestees' property. (Dkt. # 38, Exh. O at ¶¶ 5–10). Kupchunos' exhibits and affidavits indicate that he took affirmative steps to refine policy and procedure, including promoting Lt. Helberg to the rank of Captain to oversee the property room. (Dkt. # 38, Exh. M at ¶ 3). Additionally, Kupchunos implemented a procedure for investigating complaints regarding missing property. (Dkts. # 38, Exh. L & Exh. N at ¶¶ 9–11 & # 39 at ¶¶ 37–40).

On the present record before the Court, there is no evidence that Kupchunos' actions demonstrated "gross negligence" or "deliberate indifference." Plaintiff has not demonstrated that Kupchunos had prior notice of Viera's propensities or that Kupchunos authorized, permitted, or ratified Viera's misconduct. To the contrary, HCSD cooperated with the Connecticut State Police investigation of the stolen property. Viera, who was terminated from his employment in 1997, subsequently pleaded guilty to larceny and was sentenced accordingly. (Dkt. # 20 at 7 & Dkt. # 39 at 7). Therefore, the Court grants Kupchunos' motion for summary judgment as to the § 1983 claim.

### B. CONN.GEN.STAT. SECTIONS 6–30 AND 6–30A

Kupchunos also urges the Court to grant summary judgment on these state law claims because CONN.GEN.STAT. §§ 6–30 and 6–30a do not waive sovereign immunity and impose liability on Kupchunos as a supervisor. (Dkt. # 38 at 21). Plaintiff counters that the bond may be used to pay for "tortious acts but also for damages caused by official acts of sheriffs," citing

*Antinerella v. Rioux,* 44 Conn.Supp. 368, 690 A.2d 450 (1995). (Dkt. # 41, Brief at 9).

Conn.Gen.Stat. Section 6–30 provides:

No person shall enter upon the duties of sheriff until he executes a bond of ten thousand dollars, to the acceptance of the Governor, payable to the state, conditioned that he will faithfully discharge the duties of his office, including his duties when serving as deputy of another sheriff under the provisions of section 6–38, and answer all damages which any person may sustain by his unfaithfulness, malfeasance, wrongdoing, misfeasance or neglect; and the Governor may, at any time, demand of any sheriff a new bond and, on neglect or refusal to give it, such sheriff shall be considered to have resigned his office, provided no such sheriff shall collect tax warrants for the state or any municipality until such sheriff executes a bond of one hundred thousand dollars. Each sheriff shall receive a commission and his bond shall be lodged with the Secretary and recorded in the records of the state and a copy thereof, certified by the Secretary, shall be evidence of its execution.

Conn.Gen.Stat. Section 6–30a provides:

Each sheriff and deputy sheriff, on or after October 1, 1976, shall be required to carry personal liability insurance for damages caused by reason of his tortious acts in not less than the following amounts: For damages caused to any one person or to the property of any one person, one hundred thousand dollars and for damages caused to more than one person or to the property of more than one person, three hundred thousand dollars. For the purpose of this section "tortious act" means negligent acts, errors or omissions for which such sheriff or deputy sheriff may become legally obligated to any damages for false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, violation of property rights or

assault and battery if committed while making or attempting to make an arrest or against a person under arrest; provided, it shall not include any such act unless committed in the performance of the official duties of such sheriff or deputy sheriff.

 In order to determine what interests are protected by a statute, the Court must examine the statute's text, regulations and legislative history. *See Control Data Corp. v. Baldrige,* 655 F.2d 283, 292–293 (D.C.Cir.), *cert. denied,* 454 U.S. 881, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981). The above cited statutes govern execution of a bond and personal liability insurance. The plain language of § 6–30a indicates that each sheriff is required to carry insurance for *his tortious acts.* Conn.Gen.Stat. § 6–30a (emphasis added). These two statutes do not expressly confer liability upon the high sheriff or the HCSD for acts committed by subordinates. Nor is there a discussion of supervisory or vicarious liability for tortious or criminal acts committed by other sheriffs in plaintiff's submission of the bill's legislative history. (Dkt. # 40 at Exh. F).

There is scant case law interpreting the contours of these statutes. The Connecticut appellate courts have not addressed whether §§ 6–30 and 6–30a operate to waive sovereign immunity. *See National Loan Investors v. McGuire,* Civ. No. 549085, 1999 WL 608654, at *3–4 (Conn.Super. Aug.4, 1999) (discussing split of authority among Connecticut's trial courts). *See also Davis v. Mak,* No. CV 96329180S, 1997 WL 133410, at *2–3 (Conn.Super. March 7, 1997) (holding that § 6–30a does not waive sovereign immunity for tortious acts which are not specifically enumerated in § 6–30a and dismissing count alleging negligence in transporting plaintiff from corrections facility to courthouse). While one Connecticut court has held the personal liability insurance which a sheriff is required to carry may be used to pay damages resulting from defendant high sheriff's offi-

cial acts, this Court notes that the official act was defamation which is specially enumerated in the text of § 6–30a. *See Antinerella, supra,* 44 Conn.Supp. at 373–74, 690 A.2d 450.

In sum, this Court was unable to locate any reported decisions to support plaintiff's contention that the personal liability insurance that a high sheriff is statutorily required to carry may be used to pay damages for the tortious or criminal acts committed by subordinates. In the absence of such authority and in light of the statute's meager legislative history, this Court declines to so find.

### III. CONCLUSION

In conclusion, for the reasons stated above, the Court *grants* plaintiff's Motion for Relief from Judgment (Dkt.# 42), but also *grants* Kupchunos' Motion for Summary Judgment (Dkt.# 37), having thoroughly considered the motion on its merits.

*See* 28 U.S.C. § 636(b) **(written objections to ruling must be filed within ten days after service of same);** Fed.R.Civ.P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary of H & HS,* 892 F.2d 15, 16 (2d Cir.1989) **(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**